IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CRISPIN GARCIA SUAREZ, §
§
  Petitioner, §
§
v. § Civil Action No. 4:21-cv-147-O
§
BOBBY LUMPKIN, Director, TDCJ-CID, §
§
  Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Crispin Garcia Suarez ("Suarez"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Saurez, the Court has concluded that the petition should be denied.

## I.      BACKGROUND

Suarez is in custody pursuant to three judgments and sentences from the 371st District Court of Tarrant County, Texas, in cause number 1484913D, styled *The State of Texas v. Crispin Garcia Suarez*. Clerk's R. at 209-15, ECF No. 21-3. The indictment charged Suarez with aggravated kidnapping, three counts of aggravated sexual assault of a child under fourteen years of age, and two counts of indecency with a child by sexual contact. *Id*. at 7-8. After being admonished, Suarez waived his rights and pleaded guilty to aggravated kidnapping (count one), aggravated sexual assault of a child (count three), and indecency with a child by sexual contact (count five). *Id.* at 159-65, 209-15. The State waived counts two, four, and six. *Id.* at 159, 209,

211, 213. On August 7, 2018, the trial court sentenced Suarez to life in prison for aggravated kidnapping and aggravated sexual assault of a child. *Id.* at 209-12. The court also sentenced Suarez to twenty years in prison for indecency with a child. *Id.* at 213-14.

Suarez appealed and on July 25, 2019, the Second Court of Appeals affirmed Suarez's convictions and sentences. *Suarez v. State*, No. 02-18-00371-CR, 2019 WL 3334427 (Tex. App.—Fort Worth July 25, 2019, pet. ref'd) (mem. op., not designated for publication). Although Suarez, through counsel, filed a petition for discretionary review (PDR), the Texas Court of Criminal Appeals (TCCA) refused his PDR on September 11, 2019. *Suarez v. State*, No. PD-0834-19.

Saurez's state application for writ of habeas corpus challenging his convictions and sentences was filed-stamped on May 11, 2020. SHR[1] writ received October 29, 2020, at 17, ECF 21-17.  During the state writ proceedings, the court adopted the state's proposed extensive findings of fact and conclusions of law. *Id.* at 112-134. Then, on December 9, 2020, the TCCA denied Suarez's grounds for relief without written order based on the findings of the trial court without hearing and its own independent review. SHR write denied December 9, 2020, ECF No. 21-16.

Suarez's instant § 2254 petition was filed stamped on February 11, 2021, and these proceedings followed. Pet. 1, ECF No. 1. Although Suarez initially filed an excessive-page brief, he later complied and filed a compliant brief in support. ECF Nos. 2, 8, 11. The Respondent then filed a response to Suarez's § 2254 petition and brief, along with the state court records. ECF Nos. 20, 21.

---

[1] "SHR" refers to the records from the state habeas proceedings in WR 91,943-01.

## II.      ISSUES

The Court understands Suarez to assert the following four grounds for relief:

1. Trial counsels[2] rendered ineffective assistance and aided the prosecution.

2. The prosecution and trial judge acted improperly by proceeding on a forged indictment.

3. His sentences violate the Double Jeopardy Clause.

4. His guilty plea was involuntary because it was based on the misleading advice of counsel and the product of a defective and forged indictment.

Pet. 6-7, ECF No. 1; Pet. Brief 3-20, ECF No. 11.

## III.     RULE 5 STATEMENT

Respondent believes that Suarez has exhausted his state-court remedies as to the claims raised, that his petition is timely filed, and that the petition is not subject to the successive-petition bar. Resp. 4-5. ECF No. 20.

## IV.     DISCUSSION

### A.      AEDPA Standard of Review

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court

---

[2] Suarez was represented by both attorneys J. Don Carter and Eloy Sepulveda. Clerk's R. at 14, 131, ECF No. 21-3.

relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals, the state's highest criminal court, refuses discretionary review or denies state habeas-corpus relief without written order, opinion, or explanation, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Harrington,* 562 U.S. at 100; *Singleton v. Johnson,* 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision" providing particular reasons, both legal and factual, and "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* — U.S. —, 138 S. Ct. 1188, 1192 (2018).

**B.     Claims of Ineffective Assistance of Counsel and Involuntary Plea (Grounds 1 and 4).**

In his first ground for relief, Suarez contends that his attorneys aided the prosecution and rendered ineffective assistance in various ways. Pet. 6, ECF No. 1; Pet. Brief 3-18, ECF No. 11. Relatedly, in his fourth ground, Suarez contends that his guilty plea was involuntary due to the ineffective assistance of counsel. Pet. 7, ECF No. 1; Pet. Brief 3-18, ECF No. 11. The state habeas

court considered these grounds for relief together and rejected them. SHR writ received October 29, 2020 at 114-17, 119-25, 133-34, ECF No. 21-17. Suarez's claims must be denied here, because he fails to demonstrate the state court's rejection of these claims was unreasonable.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The Fifth Circuit has recognized that while the terms "voluntary" and "knowing" are frequently used interchangeably, "they embody different concepts." *United States v. Hernandez*, 234 F.3d 252, 255 n.3 (5th Cir. 2000) citations omitted). A plea of guilty is not "voluntary" if induced by threats, misrepresentations, unfulfilled promises, or promises of an improper nature. *Id.* A guilty plea is not "knowing" unless the defendant understood the consequences of his plea, i.e., the defendant understood the maximum possible punishment he faced if convicted. *Id.* Accordingly, when "a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review." *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983) (citation omitted). Furthermore, "as long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985) (quoting *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)). A voluntary plea waives all non-jurisdictional defects including those claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

To show that counsel's representation resulted in an involuntary plea, a petitioner must satisfy the *Strickland v. Washington*, 466 U.S. 668, 688 (1984) deficiency and prejudice standards.

5

*See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (noting that *Strickland v. Washington*, 466 U.S. 668 (1984) applies to cases involving guilty pleas). Under *Strickland,* a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland,* 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89.

Under *Hill*, a defendant who pleads guilty can satisfy the "prejudice prong" of *Strickland* only by alleging that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. *Hill*, 474 U.S. at 59. The review under *Strickland* is "highly deferential." *Strickland*, 466 U.S. at 694. And, in the context of a guilty plea, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011). "Habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Id*. (citation omitted).

The burden is on the petitioner to prove ineffective assistance of counsel by a preponderance of the evidence. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994) (citations omitted). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Rather, the petitioner must show his attorney "made errors so serious that counsel was not functioning as the 'counsel' . . . guaranteed by the Sixth Amendment." *Crane v. Johnson*, 178 F.3d

309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 687).

The state habeas court interpreted Suarez's application to allege that Saurez's trial counsels were ineffective for the following different reasons:

a. Counsel mentally coerced Applicant into pleading guilty;

b. Counsel improperly advised Applicant that the trial court would sentence him to no less than twenty years or no more than 35 years;

c. Counsel improperly advised Applicant that he could get probation because this was his first felony;

d. Counsel waived reading the indictment;

e. Counsel failed to push for a jury trial so that at least five of the six counts would have been dismissed prior to the seating of the jury; and

f. Counsel allowed Applicant to receive multiple convictions for one offense in violation of double jeopardy.

SHR writ received October 29, 2020, 112-13, ECF No. 21-17. Although Suarez's briefing is difficult to discern, he does not appear to claim to present any new grounds or issues in his § 2254 petition. Pet. 8, ECF No. 1; Pet. Brief 2, ECF No. 11. During the state writ proceedings, both of Suarez's attorneys submitted detailed affidavits addressing his claims in the state application. SHR writ received October 29, 2020, 95-111, ECF No. 21-17.

After considering the claims, evidence, and affidavits of Suarez's former attorneys, the trial court made the following findings of fact:

*Ineffective Assistance of Trial Counsel/Involuntary Plea (Grounds One and Four)*

4. Mr. J. Don Carter and Mr. Elo[y] Sepulveda represented Applicant during the plea proceedings. *See* Carter Affidavit, p. 1; Sepulveda Affidavit, p. 1.

5. On January 22, 2017, Applicant kidnapped a twelve year-old child who was walking down the street. *See* Carter Affidavit, p. 2.

7

6. Applicant parked and sexually molested the twelve year-old inside his van. *See* Carter Affidavit, p. 2.

7. After sexually assaulting the victim, Applicant passed out asleep with [sic] next to her with his pants unzipped and unbuttoned. *See* Carter Affidavit, p. 2.

8. A Fort Worth police officer found Applicant asleep next to the partially disrobed victim in Applicant's van. *See* Carter Affidavit, p. 2.

9. Applicant admitted to sexually assaulting the victim. *See* Carter Affidavit, p. 2.

10. The victim told the forensic interviewer Applicant kidnapped her and sexually assaulted her. *See* Carter Affidavit, p. 2; Sepulveda Affidavit, p. 1-2.

11. DNA testing confirmed that Applicant's DNA was on the victim's neck and breasts and the victim's DNA was on Applicant's genitals. *See* Carter Affidavit, p. 3; Sepulveda Affidavit, p. 1-2.

12. The victim's injuries were consistent with her allegations. *See* Carter Affidavit, p. 3; Sepulveda Affidavit, p. 2.

13. On January 25, 2017, Mr. Carter was retained to represent Applicant. *See* Carter Affidavit, p. 3.

14. Mr. Carter's paralegal served as Mr. Carter's interpreter during his conversations with Applicant. *See* Carter Affidavit, p. 4.

15. Mr. Carter interviewed Applicant's close and extended family members, reviewed Applicant's background information, inquired about Applicant's general reputation and character, and looked for mitigation and culpability evidence. *See* Carter Affidavit, p. 4.

16. Mr. Carter reviewed the State's evidence. *See* Carter Affidavit, p. 4.

17. Mr. Carter drove around and observed the various locations where the events leading up to the offense occurred. *See* Carter Affidavit, p. 4.

18. Mr. Carter filed several motions on Applicant's behalf. *See* Carter Affidavit, p. 4-5, 5-6, 7.

19. On January 22, 2018, Mr. Carter hired Mr. Sepulveda, a fluent Spanish speaker, to assist him. *See* Carter Affidavit, p. 5; Sepulveda Affidavit, p. 2.

8

20. Mr. Carter and Mr. Sepulveda requested, and were appointed, an interpreter to assist with the defense. *See* Carter Affidavit, p. 4.

21. Applicant advised Mr. Carter that he did not want a trial but wanted to plead guilty. *See* Carter Affidavit, p. 6; Sepulveda Affidavit, p. 5.

22. The State made a plea offer that Applicant plead guilty to counts one, three, and five, the State would waive the other counts, and Applicant would go open to the court for punishment. *See* Carter Affidavit, p. 6.

23. Mr. Carter advised Applicant that pleading open to the trial court was risky because this court was not known for sympathy at sentencing. *See* Carter Affidavit, p. 6.

24. Mr. Carter advised Applicant that, if he wanted to plead guilty to the trial court, Applicant would be interviewed for a PSI report and would be subjected to rigorous and intrusive psychosexual testing/examination to determine Applicant's sex offender profile. *See* Carter Affidavit, p. 6.

25. Mr. Carter advised Applicant that, regardless of the results of the PSI and psychosexual testing, he should expect a harsh punishment. *See* Carter Affidavit, p. 6-7.

26. Mr. Carter advised Applicant regarding the full range of punishment. *See* Carter Affidavit, p. 7.

27. Even after knowing the trial court could sentence him harshly, Applicant decided to accept the State's plea offer. *See* Carter Affidavit, p. 7.

28. Mr. Carter hired a Spanish[-]speaking female investigator to photograph and video the locations relevant to the offense and interview witnesses. *See* Carter Affidavit, p. 7.

29. Neither Mr. Carter nor Mr. Sepulveda attempted to coerce Applicant to plead guilty. *See* Carter Affidavit, p. 10; Sepulveda Affidavit, p. 3.

30. Neither Mr. Carter nor Mr. Sepulveda advised Applicant that he was facing only twenty to thirty-five years in prison. *See* Carter Affidavit, p. 10.

31. Mr. Carter advised Applicant that he should be prepared for a harsh punishment. *See* Carter Affidavit, p. 10.

9

32. Mr. Carter advised Applicant that he would not receive probation on any of the three counts. *See* Carter Affidavit, p. 10.

33. Mr. Sepulveda never advised Applicant that he could not have a jury trial because he was illegal. *See* Sepulveda Affidavit, p. 2.

34. Applicant knowingly and voluntarily agreed to waive the reading of the indictment. *See* Carter Affidavit, p. 10.

35. Mr. Carter would have taken this case to trial if Applicant didn't want to plead guilty. *See* Carter Affidavit, p. 10-11.

36. Mr. Carter did not object to the charges on the basis of double jeopardy grounds because he concluded that Applicant could be convicted and punished for the offenses as alleged. *See* Carter Affidavit, p. 11.

37. Applicant was admonished in accordance with article 26.13 of the Texas Code of Criminal Procedure. *See* Admonishments; Tex. Code Crim. Proc. art. 26.13.

38. Applicant was advised of the ranges of punishment for the offenses to which he was pleading guilty. *See* Admonishments, p. 1.

39. Applicant was advised by the trial court his deportation was "certain" and he would not be able to "reenter." *See* Admonishments, p. 1, 40. There is no credible evidence to overcome the presumption that Applicant's plea was regular.

41. There is no credible evidence that Applicant would not have pled guilty, and would have insisted on going to trial, but for the advice of counsel.

42. There is no reasonable likelihood that the outcome of the proceedings would have been different but for the alleged misconduct of counsel.

43. Mr. Carter's affidavit is credible and supported by the record.

44. Mr. Sepulveda's affidavit is credible and supported by the record.

45. There is no credible evidence that counsel's representation fell below an objective standard of reasonableness.

46. There is no credible evidence that Applicant would not have pled guilty and would have demanded a jury trial but for counsel's advice.

47. There is no credible evidence that the outcome of the proceedings would have

been different but for the alleged misconduct.

*Id.* at 114-17, 133-34.[3]

Under 28 U.S.C. § 2254(e)(1), all of the court's implicit and explicit factual findings are entitled to a presumption of correctness. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citation omitted). Suarez fails to overcome the presumption of correctness afforded to these findings because has not rebutted the factual findings with clear and convincing evidence. Moreover, the state court's "credibility determinations made on the basis of conflicting evidence are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts." *Pippen v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) (citation omitted).

In addition to the court's factual findings based on the affidavits and admonishments, Suarez admitted during sentencing that he was informed of the ranges of punishment, that there was no guarantee what his sentence would be, that he could receive the maximum sentences, and that his sentences might even be stacked. Reporter's Record ("RR") Volume 2, at 6, ECF No. 21-6. This testimony to the judge at sentencing directly contradicts Suarez's claim that he was promised a maximum of thirty-five years, as claimed in his § 2254 petition. Pet. 6-7, ECF No. 1.

After making its factual findings, the state habeas court then listed its extensive conclusions of law. SHR writ received October 29, 2020, 120-28, ECF No. 21-17. In the initial several conclusions, the state court set out in detail the case law applying the *Strickland v. Washington* standards to Suarez's grounds. *Id.* at 120-21 conclusions of law 1-10. The court then detailed and

---

[3] Finding 34 includes the modification made by the trial court as phrased above. The proposed finding 34 read that "Applicant knowingly and voluntarily agreed to the waiver of the indictment." *See* Carter Affidavit, p. 10. SHR writ received October 29, 2020, 110, 133, ECF No. 21-17.

rejected Suarez's first and fourth grounds for relief with the following conclusions of law:

11. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given. *See* Tex. Code Crim. Proc. art. 26.13.

12. Applicant was properly admonished.

13. When a defendant complains that his plea was not voluntary due to ineffective assistance of counsel, "'the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (citations omitted).

14. Applicant has failed to prove that counsel mentally coerced him into pleading guilty.

15. Applicant was properly advised that he was facing life in prison.

16. Applicant has failed to prove that counsel advised him that he would not be sentenced to more than thirty-five years in prison.

17. Counsel properly advised Applicant that he would not get probation.

18. Applicant has failed to prove that counsel's representation was deficient because he waived reading the indictment.

19. Counsel properly did not push for a jury trial when Applicant wanted to accept the plea agreement and plead to the trial court.

20. The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple sentences for the same offense. *Brown v. Ohio*, 432 U.S. 161, 164-65, 97 S. Ct. 2221, 2224-25, 53 L.Ed.2d 187 (1977) (citations omitted).

21. "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275-75 (Tex. Crim. App. 2008).

22. Aggravated sexual assault of a child is not a lesser-included offense of aggravated kidnapping with intent to commit sexual abuse. *Billings v. State*, 399 S.W.3d 581, 593 (Tex. App.—Eastland 2013, no pet.).

23. Convictions for both aggravated kidnapping with intent to commit sexual abuse and aggravated sexual assault of a child does [sic] not constitute a double jeopardy violation. *Billings v. State*, 399 S.W.3d 581, 593 (Tex. App.—Eastland 2013, no pet.).

24. Applicant's convictions for aggravated kidnapping and aggravated sexual assault of a child did not violate double jeopardy.

25. "[I]ndecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act." *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009).

26. Penetration of the victim's anus by Applicant's finger is not the same act as causing the victim to contact Applicant's genitals.

27. Applicant's indecency with a child by contact offense is not a lesser-included offense of his aggravated sexual assault of a child offense.

28. Applicant's convictions for aggravated sexual assault of a child and indecency with a child by contact do not violate double jeopardy.

29. Applicant has failed to prove the he has been prosecuted twice for the same offense.

30. Applicant has failed to prove that he has received multiple sentences for the same offense.

31. Applicant has failed to prove that his convictions violated the Double Jeopardy Clause.

32. Applicant has failed to prove that counsel was deficient for not making a double jeopardy objection.

33. Applicant was properly advised of the ranges of punishments he was facing if he plead guilty.

34. Applicant was properly advised that he was "certain" to be deported and that he would not be able to "reenter" as a result of his convictions.

13

35. Applicant has failed to prove that trial counsel's representation fell below an objective standard of reasonableness.

36. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct "sufficient to undermine confidence in the outcome" is not established. *See Ex parte Saenz*, 491 S.W.3d 819, 826 (Tex. Crim. App. 2016) (citation omitted).

37. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. *If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069, 80 L.Ed.2d 674 (1984) (emphasis added).

38. Applicant has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel advised him differently.

39. Applicant has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel not waived the reading of the indictment.

40. Applicant has failed to show that a reasonable likelihood exists that the outcome of the proceeding would have been different had counsel made a double jeopardy objection.

41. Applicant has failed to prove that there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial but for counsel's advice.

42. Applicant has failed to prove that his plea was involuntary due to ineffective assistance of counsel.

43. Applicant has failed to overcome the presumption that his plea was regular.

44. Applicant's plea was freely, knowingly, and voluntarily made.

45. This Court recommends that Applicant's fourth ground for relief be **DENIED**.

46. Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the outcome of the proceeding would have been

14

different.

47. Applicant has failed to prove that he received ineffective assistance of trial counsel.

*Id.* at 120-25, 133-34.

Suarez's claims fail here for the same reasons identified by the state habeas court.[4] Moreover, Suarez fails to meet his burden of proof under AEDPA in order to be entitled to relief in a § 2254 proceeding. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("The petitioner carries the burden of proof" to overcome AEDPA deference); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (noting that application of 28 U.S.C. § 2254(d)(1), when applicable, is the only question that matters, not whether the court erred on the underlying claim). Suarez fails to overcome AEDPA's deferential standard of review because he has not demonstrated that the state court's rejection of his claim was contrary to, or an unreasonable application of, clearly established federal law as established by the Supreme Court. Suarez is not entitled to relief because he has failed to show "that the state court's ruling on the claim being presented in federal court [is] so lacking in justification that there was an error well understood and comprehended in existing law beyond any

---

[4]In his brief, Suarez may also assert a claim he raised on direct appeal regarding the trial court's alleged failure to state it would not consider certain evidence of psychological testing that was part of the presentence investigation report. Pet. Brief 6-8, ECF No. 11. But the appellate court's opinion determined that the sentencing court did acknowledge that it would not consider the objected-to evidence: "the trial court did state that it did not consider the objected-to portions of the PSI in reaching its decision on punishment." *See Suarez*, 2019 WL 3334427, at *1. This claim thus must fail for the reasons provided by the state appellate court. Furthermore, contrary to Suarez's assertion that the judge sentenced him harshly due to evidence from the presentence report, the sentencing judge stated just prior to pronouncing the sentences that "the facts of the offense are perhaps just about as bad as any sexual assault on a child that this Court has ever seen." 2 RR 124, ECF No. 21-6. Moreover, Suarez has failed to overcome the deference afforded to the state court's determination under the AEDPA.

possibility for fairminded disagreement." *Harrington*, 561 U.S. at 103. As a result, the Court finds and determines that Suarez's ground four must be denied

### C.   Prosecutorial Misconduct or Trial Court Error Based upon a Forged Indictment (Ground 2).

In his second ground for relief, Suarez asserts that the prosecution fabricated the indictment and that the trial court erred by convicting and sentencing him based on a forged indictment. Pet. 6, ECF No. 1; Pet. Brief 16-18, ECF No. 11. Review confirms that this ground is without merit.

Suarez presented these claims within multiple grounds during the state habeas proceedings and the state court denied them based on the following findings of fact:

*Improper Government Action (Ground Two)*

51. Applicant was indicted by a grand jury. *See* Indictment, p. 2.

52. Aggravated kidnapping and aggravated sexual assault of a child under fourteen years of age are first degree felonies. *See* Tex. Penal Code §§ 20.04(c), 22.021(e).

53. The range of punishment for a first degree felony offense is five to ninety-nine years, or life, in prison. *See* Tex. Penal Code § 12.32(a).

54. Indecency with a child by contact is a second degree felony. *See* Tex. Penal Code § 21.11(d).

55. The range of punishment for a second degree felony offense is two to twenty years' confinement. *See* Tex. Penal Code § 12.33(a).

56. Applicant's sentences are within the ranges of punishment. *See* Judgments; Tex. Penal Code §§ 12.32(a), 12.33(a).

57. Applicant is currently eligible for parole on January 22, 2047. *See* Attachment A: Offender Information Details, TDCJ-ID No. 02214452.

58. There is no credible evidence that the federal government acted with outrageous misconduct. *See* Application; Memorandum.

59. There is no credible evidence that the state government acted with outrageous

16

misconduct. *See* Application; Memorandum.

. . . .

*Prosecutorial Misconduct (Ground Five)*

64. Applicant asserts that he does not know whether he committed the offense. *See* Application, p. 14.

65. Applicant was indicted by a grand jury. *See* Indictment, p. 2.

66. The trial court assessed punishment. *See* Judgment.

67. There is no credible evidence, or specific facts, to support Applicant's claim that the prosecutor committed fraud when prosecuting Applicant. *See* Application; Memorandum.

68. There is no credible evidence, or specific facts, to support Applicant's claim that the prosecutor acted criminally when prosecuting Applicant. *See* Application; Memorandum.

69. There is no credible evidence, or specific facts, to support Applicant's claim that the prosecutor deprived Applicant of a fair trial. *See* Application; Memorandum.

70. There is no credible evidence of prosecutorial misconduct. *See* Application; Memorandum.

*Defective Indictment (Ground Six)*

71. Applicant alleges that he was not properly indicted by a grand jury in session. *See* Application, p. 15.

72. Applicant was indicted by the grand jury on March 28, 2017. *See* Indictment, p. 2.

73. Applicant pled guilty on February 23, 2018. *See* Admonishments, p. 1.

74. There is no credible evidence that Applicant was not indicted by a proper grand jury. *See* Application; Memorandum.

75. There is no credible evidence that the indictment was defective. *See* Application; Memorandum.

17

SHCR at 117-20.

Again, under 28 U.S.C. § 2254(e)(1), these factual findings are entitled to a presumption of correctness and Suarez has failed to overcome that presumption with clear and convincing evidence. *Garcia*, 454 F.3d at 444.

The state habeas court ultimately determined that relief should be denied because Suarez had failed to prove any outrageous misconduct by the government, any prosecutorial misconduct, and that he was not properly indicted. SHR writ received October 29, 2020, at 125, 127-28, 133-34, ECF No. 21-17. Suarez has not made any showing that this resolution was unreasonable. Instead, Suarez only presents conclusory claims of error that are insufficient to obtain relief. "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 n.2  (5th Cir. 1983)). In *Ross*, the Fifth Circuit held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id*. at 1011; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (noting that a petition that presents "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Suarez's conclusory claims concerning the "forged" indictment, and of misconduct by the prosecution and trial judge, must be denied because Suarez has failed to surmount AEDPA's deferential standard of review. He has not shown that the state court's determination of these

18

grounds for relief was in conflict with clearly established federal law as determined by the Supreme Court or "was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Thus, all Suarez's claims asserted within ground two must be denied.

### D.      No Violation of the Double Jeopardy Clause (Ground 3).

In his third ground for relief, Suarez contends that his multiple sentences violate the Double Jeopardy Clause. Pet. 7, ECF No. 1; Pet. Brief 18–20, ECF No. 11. Again, Suarez fails to show the state court's resolution of this ground for relief was unreasonable.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend  V. The Double Jeopardy Clause "protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989)). The most common question for the Court's consideration when there are two convictions out of the same incident is whether the two convictions represent multiple punishments for the same offense. *Hamilton v. Stephens*, 183 F. Supp. 3d 809, 816 (W.D. Tex. 2016).  In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court set forth the test to determine whether such multiple prosecutions are barred by double jeopardy. "If each different statutory offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Marden*, 872 F.2d 123, 125 (5th Cir. 1989) (citation omitted). Further, "[t]he *Blockburger* test has nothing to do with the evidence presented at trial. It is concerned solely with the statutory elements of the offenses charged." *Davis v. Herring*, 800 F.2d 513, 517 (5th Cir. 1986).

19

Here, Suarez's double jeopardy claim was addressed and rejected in the state writ application proceedings. The state court again issued findings of fact and separate conclusions of law resolving this ground for relief:

**Findings of Fact**

*Double Jeopardy (Ground Three)*

60. Applicant was convicted of aggravated kidnapping with the intent to inflict sexual abuse. See Judgment, Count One; Indictment, Count One.

61. Applicant was convicted of aggravated sexual assault of a child under 14 years of age for Applicant's penetration of the victim's anus with his finger. *See* Judgment, Count Three; Indictment, Count Three.

62. Applicant was convicted of indecency with a child by contact for causing the victim to touch Applicant's genitals. *See* Judgment, Count Five; Indictment, Count Five.

63. Counts One, Three, and Five of the Indictment alleged three separate offenses. *See* Indictment.
. . . .

**Conclusions of Law**

*Double Jeopardy (Ground Three)*

56. In order to prevail on a double jeopardy claim, the evidence must show that the two offenses at issue necessarily arose from "one act which could be subject to two different interpretations." *Ochoa v. State*, 982 S.W.2d 904, 908 (Tex. Crim. App. 1998).

57. The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple sentences for the same offense. *Brown v. Ohio*, 432 U.S. 161, 164-65, 97 S. Ct. 2221, 2224-25, 53 L.Ed.2d 187 (1977) (citations omitted).

58. "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made

it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275-75 (Tex. Crim. App. 2008).

59.  Aggravated sexual assault of a child is not a lesser-included offense of aggravated kidnapping with intent to commit sexual abuse. *Billings v. State*, 399 S.W.3d 581, 593 (Tex. App.—Eastland 2013, no pet.).

60. Convictions for both aggravated kidnapping with intent to commit sexual abuse and aggravated sexual assault of a child do not run afoul of the protections against double jeopardy. *Billings v. State*, 399 S.W.3d 581, 593 (Tex. App.—Eastland 2013, no pet.).

61.  Applicant's convictions for aggravated kidnapping and aggravated sexual assault of a child do not violate double jeopardy.

62. "[I]ndecency with a child is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act." *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009).

63.  Penetration of the victim's anus by Applicant's finger is not the same act as causing the victim to contact Applicant's genitals.

64.  Applicant's indecency with a child by contact offense is not a lesser-included offense of his aggravated sexual assault of a child offense.

65.  Applicant's convictions for aggravated sexual assault of a child and indecency with a child by contact do not violate double jeopardy.

66.  Applicant has failed to prove the he has been prosecuted twice for the same offense.

67.  Applicant has failed to prove that he has received multiple sentences for the same offense.

68.  Applicant has failed to prove that his convictions violated the Double Jeopardy Clause.

SHR writ received October 29, 2020, at 118-19, 126-27, 133-34.

Suarez again fails to meet his burden of proof under the AEDPA because he has not shown

the state court's detailed rejection of his double jeopardy ground for relief was unreasonable.

21

Therefore, the Court denies Suarez's ground three, claiming that he was subject to double jeopardy.

## V.      CONCLUSION

For all of the reasons discussed herein, Crispin Garcia Suarez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **20th day** of **January, 2022.**

Reed O'Connor

UNITED STATES DISTRICT JUDGE